UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

EOD
09/16/2026

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **STEFKA ARNAUDOVA** | § | Case No. 24-42186 |
| | § | |
| Debtors | § | Chapter 7 |
| | § | |

| | | |
|---|---|---|
| DAN BRASHEAR | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 24-04094 |
| | § | |
| STEFKA ARNAUDOVA | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION

On this date the Court considered the "Motion for Summary Judgment (Count 4 – Nondischargeability Of Claim Under 11 U.S.C. § 523(a)(5)" (the "Motion") filed by Dan Brashear (the "Plaintiff") on April 29, 2026.[1] Plaintiff seeks partial summary judgment excepting from discharge a debt under 11 U.S.C § 523(a)(5).[2] Upon due consideration of the pleadings, the proper

[1] Pl.'s Mot. for Part. Summ. J., ECF No. 42.

[2] Brashear does not call his Motion a "partial" motion. Yet, he seeks resolution only of count 4 of the operative complaint. *See* 73 Am. Jur. 2d Summary Judgment § 65 (2026) ("A partial summary judgment differs from a complete summary judgment in that it cannot end a proceeding and is therefore interlocutory. On the other hand, a complete summary judgment is one that adjudicates or makes moot all the issues raised by the pleadings and is final in nature.")

summary judgment evidence submitted, and the relevant legal authorities, the Court concludes that no genuine issues of material fact remains to preclude entry of a partial summary judgment on Count 4 of Plaintiff's complaint pursuant to 11 U.S.C. § 523(a)(5). For the reasons explained in this memorandum, Plaintiffs' Motion is **GRANTED**.

## I. Jurisdiction

This Court has jurisdiction to consider this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This Court has the authority to enter a final judgment on all issues raised in this proceeding because it constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J), and meets all constitutional standards for proper exercise of full judicial power by this Court.

## II. Facts

Plaintiff, Dan Brashear, and Debtor-Defendant, Stefka Arnaudova are former spouses and have one child together. On April 17, 2024, the 303rd Judicial District Court of Dallas County, Texas entered an order titled "Final Order in Suit Affecting Parent-Child Relationship" in Case No. DF-21-06489, styled *In the Interest of Maria Angelina Arnaudova* (the "State Court

Order").[3] The State Court Order awarded Plaintiff retroactive child support, and required that Defendant pay future child support payments.[4]

Defendant filed her chapter 7 bankruptcy on September 16, 2024.[5] On December 13, 2024, Plaintiff filed a proof of claim in the underlying bankruptcy case.[6] The proof of claim was filed in the amount of $104,282.38, and lists its basis as "Judgment debt for back child support, attorneys fees, and costs, with interest."[7]

Plaintiff filed this adversary on December 19, 2024. He asserts four causes of action under 11 U.S.C. §§ 727(a)(2)(A), (a)(4)(A), (a)(5), and (a)(3), plus a fifth under § 523(a)(5).[8] Plaintiff filed his Motion on April 29, 2026.

---

[3] Pl.'s Mot. for Part. Summ. J., Ex. A, ECF No. 42.

[4] *Id.*

[5] Case No. 24-04094, Pl.'s Vol. Pet. ECF No. 1.

[6] *See* Case No. 24-42189, Official Claims Register, POC 1-1.

[7] *Id.*

[8] Am. Compl., ECF No. 36.

Defendant filed a late[9] response *pro se* on June 11, 2026.[10] Plaintiff only seeks summary judgment on his cause of action under 11 U.S.C. § 523(a)(5).

## **III. Summary Judgment Standard**

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). FED. R. BANKR. P. 7056 incorporates FED. R. CIV. P. 56 so as to apply to adversary proceedings. Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial.

---

[9] "The Court has 'broad discretion in interpreting and applying [its] own local rules adopted to promote efficiency in the court.'" *In re Alhuneidi*, 632 B.R. 737, 740 (Bankr. E.D. Tex. 2021), quoting *Bonner v. Adams (In the Matter of Adams)*, 734 F.2d 1094, 1102 (5th Cir. 1984).

[10] Def. Resp., ECF No. 43.

*See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). An actual controversy of fact exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); *cf. F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th

Cir. 1989). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id.* at 587.

"A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985)).

## III. Analysis

Plaintiff argues there is no genuine issue of material fact that a debt for a "domestic support obligation" exists which is nondischargeable under 11 U.S.C. § 523(a)(5).[11] Defendant's response to the Motion does not appear to dispute that the State Court Order adjudged her responsible for payment of a domestic support obligation.[12] Rather, Defendant disputes Plaintiff's calculation of the amount owed under that judgment.

The Court must first consider whether a debt exists that could be nondischargeable. *Simmons v. Simmons (In re Simmons)*, Nos. 23-10130, 24-1006, 2025 Bankr. LEXIS 1382, at *21 (Bankr. E.D. Tex. 2025); *In re Avery*, 594 B.R. 655, 661 (Bankr. S.D. Miss. 2018); *see also In re Burg*, 641 B.R. 120, 131 (Bankr. S.D. Tex. 2022) ("A bankruptcy court cannot declare a debt nondischargeable until the creditor establishes the existence and amount of that debt."). The *Burg* court explained that "debt" is a defined term meaning "liability on a claim" and "claim" is a defined term meaning a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

[11] This term is defined in 11 U.S.C. § 101(14A). *See p. 8, note 15.*

[12] Def. Resp., ECF No. 43.

undisputed, legal, equitable, secured, or unsecured . . ." *In re Burg*, 641 B.R. at 131; 11 U.S.C. §§ 101(12) and 101(5).

A properly filed proof of claim is prima facie evidence of that claim's validity and amount. Fed. R. Bankr. P. 3001(f). Plaintiff filed a proof of claim in Defendant's underlying bankruptcy for $104,282.38.[13] Attached to that proof of claim is the State Court Order which included a judgment against Defendant.[14] No objection to Plaintiff's proof of claim was filed. Plaintiff has established that a debt exists.

11 U.S.C. § 523(a)(5) exempts from discharge any "domestic support obligation" as that term is defined by § 101(14A).[15] Plaintiff only asks for

---

[13] *See* Case No. 24-42189, Official Claims Register, POC 1-1.

[14] Pl.'s Mot. for Part. Summ. J., Ex. A, ECF No. 42.

[15] Section 101(14A) defines "domestic support obligation" as:

> "[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provisions of this title, that is–
>
> > (A) owed to or recoverable by--
> > > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> > > (ii) a governmental unit;
> >
> > (B) in the nature of alimony, maintenance, or support ... of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> >
> > (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions

relief under § 523(a)(5) and omits any reference to a cause of action under § 523(a)(15).[16] Plaintiff's judgment debt must therefore meet the requirements of the statutory definition of § 101(14A) to be nondischargeable.[17] *In re Gentry*, No. 05-60728-RLJ-13, 2006 Bankr. LEXIS 4556, at *5 (Bankr. N.D. Tex. 2006) (citing *Bruce v. First Fed. Sav. and Loan Ass 'n of Conroe, Inc.*, 837 F.2d 712, 715 (5th Cir. 1988)).

---

of--

(i) a separation agreement, divorce decree, or property settlement agreement;
(ii) an order of a court of record; or
(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit;"

11 U.S.C. § 101(14A).

[16] 11 U.S.C. § 523(a)(15) exempts from discharge an obligation ". . .to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . . ."

[17] These requirements are, in relevant part, that the obligation in question be:

a. "[A] debt . . .
b. . . that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt . . .
c. . . . that is–(A) owed to or recoverable by–
   i. a . . . former spouse, or child of the debtor . . .
d. . . . that is–(B) in the nature of alimony, maintenance, or support ... of such . . . former spouse, or child of the debtor . . . without regard to whether such debt is expressly so designated; and
e. . . . that is–(C) established . . . on, or after the date of the order for relief . . . by reason of applicable provisions of–
   i. a . . . divorce decree . . .
   ii. an order of a court of record . . ."

The State Court Order awards retroactive child support payable to Plaintiff, and requires the payment of prospective regular monthly child support.[18] Such amounts are owed to the Defendant's former spouse and are in the "nature of support" for their child. They are nondischargeable under § 523(a)(5). The State Court Order also requires Defendant to pay ad litem fees.[19] Such fees are nondischargeable under § 523(a)(5). *See Matter of Dvorak*, 986 F.2d 940, 941 (5th Cir. 1993). The State Court Order further requires Defendant to pay Plaintiff's attorney's fees incurred in the course of their child support proceeding.[20] To the extent recoverable under Texas law, these too are nondischargeable under § 523(a)(5).[21] *See Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86, 88 (5th Cir. 1994); *see also In re Doolittle*, 557 B.R. 528, 531 (Bankr. W.D. Tex. 2016) ("The Fifth Circuit has made it abundantly clear in a number of cases that the fees incurred by an attorney who represents a parent in a child custody dispute is non-dischargeable."); *In re McCracken*, No. 03-44802, 2015 WL 1402888, at *5 (Bankr. E.D. Tex. Mar. 25, 2015) (recognizing a "long line of authority in this

[18] Pl.'s Mot. for Part. Summ. J., Ex. A, ECF No. 42.

[19] *Id.*

[20] *Id.*

[21] It is important to note, however, that at least one bankruptcy court found such attorney's fees dischargeable where it was the law firm seeking except them from discharge under § 523(a)(5) and § 523(a)(15) rather than the judgment debtor. *See In re Brooks*, 371 B.R. 761, 768 (Bankr. N.D. Tex. 2007).

circuit" finding attorney's fees awarded in a child custody dispute to be for benefit of the parties' children).

But, are *all* of Plaintiff's claimed attorney's fees nondischargeable, and correctly calculated as to amount? Plaintiff's proof of claim contains a calculation of the amount of $104,282.38 as contemplated by Fed. R. Bankr. P. 3001(c)(2)(A). The proof of claim does not, however, fully explain how that figure was calculated. For example, the State Court Order awarded Plaintiff attorney's fees in the event of an appeal.[22] Yet, the proof of claim does not specify whether these appellate attorney's fees are included in the principal balance.[23] This matters because the recovery of possible appellate attorney's fees awarded in Texas judgments is conditional on an appeal being taken, and such appeal being unsuccessful. *See Matter of Marriage of Comstock*, 639 S.W.3d 118, 144 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("To that end, the trial court must condition an award of appellate attorney's fees upon the appellant's unsuccessful appeal."); *see also Solomon v. Steitler*, 312 S.W.3d 46, 59–60 (Tex.App.-Texarkana 2010, no pet.); *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 586 (Tex.App.-Austin 2003, no pet.); *Westech Eng'g Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 205

[22] Pl.'s Mot. for Part. Summ. J., Ex. A, ECF No. 42.

[23] *Id.*

(Tex.App.-Austin 1992, no writ). Only an attorney's fees award recoverable under Texas law can be a nondischargeable debt. Because the Plaintiff's summary judgment evidence fails to clearly show that the entirety of the amount asserted in Plaintiff's proof of claim is in fact recoverable, the Court specifically reserves for Defendant any rights she may have under applicable non-bankruptcy law concerning Plaintiff's calculation of the amount owed.

## IV. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the Motion filed by Dan Brashear on April 29, 2026, is GRANTED.

An separate order consistent with the memorandum of decision will be entered by the Court.

Signed on 9/16/2026

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE